# CONFIDENTIAL INFORMATION PROTECTION AGREEMENT

1. **Agreement**. This Confidential Information Protection Agreement (the "***Agreement***") is by and between the undersigned individual (the "***Individual***") and GH America Investments Group, Inc., together with its subsidiaries and affiliates, including GHA Barnett, LLC, GHA CapStone, LLC, and any successor or assign of the foregoing entities (collectively, the "***Company***"). The Individual's obligations under this Agreement survive the termination of the Individual's employment or engagement by the Company, regardless of the reason for such termination.

2. **Confidential Information**. During the course of the Individual's employment or engagement with the Company, the Company will provide the Individual with, and provide the Individual with access to, certain Confidential Information. For purposes of this Agreement, "***Confidential Information***" means any and all non-public, confidential, competitively valuable, or proprietary information relating to the business of the Company that has been, or is hereafter, developed, created, or discovered by or on behalf of the Company, or that becomes or will become known by, or was or is conveyed to the Company, whether conveyed orally or in writing, including: (a) technical information, including interpretive data, logs, well readings, computer programs, software, databases, data, ideas, know-how, formulae, compositions, processes, discoveries, inventions (whether patentable or not), designs, developmental or experimental work, techniques, improvements, work in process, research or test results, original works of authorship, training programs and procedures, diagrams, charts, or business, services, or product development plans; (b) business information, including business plans and strategies, information regarding technologies, manufacturing processes, pricing information, sales data, customer lists and information, vendor information, budgets or other financial data; (c) information relating to forecasts, future plans, including strategies, pending or prospective projects and proposals, or research and development efforts and strategies; (d) operations, drilling activities, exploration and development activities; (e) other valuable, confidential information and trade secrets; or (f) information that the Individual generates, creates or authors that contains, reflects or is derived from any of the foregoing. Confidential Information also includes any data, documentation or other media or tangible items that contain or embody Confidential Information, and all copies, summaries, extracts or derivative works thereof. The Individual understands that this definition is intended to provide rights to the Company in addition to, not in lieu of, those rights the Company have under the common law or applicable statutes for the protection of trade secrets and confidential information. The Individual further understands that Confidential Information includes information and materials that may not be explicitly identified or marked as confidential or proprietary. However, Confidential Information will not include information the Individual can document is or has become readily publicly available through no fault of the Individual or others who were under confidentiality obligations as to the information involved.

3. **Protection of Confidential Information**

    (a)  During and after the Individual's employment or engagement by the Company, the Individual shall hold in confidence and not directly or indirectly disclose or use or copy or make lists of any Confidential Information except to the extent necessary to carry out the Individual's duties on behalf of the Company or as required by legal process. To the extent permissible under applicable law, the Individual agrees to give the Company notice of any and all

1

EXHIBIT 3                              GHA00045

attempts to compel disclosure of any Confidential Information within one business day after the Individual is informed that such disclosure is being, or will be, compelled. Such written notice shall be delivered to the person designated by the Company (with a copy to the legal department) and shall include a description of the information to be disclosed, the court, government agency, or other forum through which the disclosure is sought, and the date by which the Confidential Information is to be disclosed, and shall contain a copy of the subpoena, order or other process used to compel disclosure. Except as authorized in connection with the performance of the Individual's duties on behalf of the Company, the Individual will not remove Confidential Information from the facilities of the Company The Individual acknowledges and agrees that they obtain no title to any Company Confidential Information, and that as between the Company and the Individual, the Company retains all Confidential Information as the sole property of the Company. Any unauthorized use or disclosure of Confidential Information during the Individual's employment or engagement by the Company may lead immediate termination of such employment or engagement and legal action by the Company.

    **(b)** **Return of Confidential Information**. Immediately upon the Company's request, and, in any event, upon the termination of the Individual's employment or engagement with the Company, the Individual shall deliver to the Company all Confidential Information, and all documents and materials (including electronically stored information) in the Individual's possession, custody or control that constitutes or reflects Confidential Information.

    **(c)** **Value and Reasonableness**. The Individual acknowledges that Confidential Information has been and will be developed or acquired by the Company through the expenditure of substantial time, effort and money. The Individual agrees that the Company's substantial investments in its business interests, goodwill, and Confidential Information are worthy of protection, and that the Company's need for the protection afforded by this Agreement is greater than any hardship the Individual might experience by complying with its terms.

    **(d)** **Permitted Disclosures**. Nothing in this Agreement will prevent the Individual from: (i) making a good faith report of possible violations of applicable law to any governmental agency or entity or (ii) making disclosures to any governmental agency or entity that are protected under the whistleblower provisions of applicable law, in each case, without notice to the Company. Pursuant to the Defend Trade Secrets Act, nothing herein shall prevent the Individual from making a disclosure of a trade secret that: (A) is made (1) in confidence to a federal, state or local government official, either directly or indirectly, or to an attorney; and (2) solely for the purpose of reporting or investigating a suspected violation of law; or (B) is made in a complaint or other document filed in a lawsuit or other proceeding, if such filing is made under seal. Further, an individual who files a lawsuit for retaliation by an employer, as that term is defined under the Defend Trade Secrets Act, of reporting a suspected violation of law may disclose a trade secret to the attorney of the individual and use the trade secret information in the court proceeding, if the individual (X) files any document containing the trade secret under seal and (Y) does not disclose the trade secret, except pursuant to court order.

    **4.** **Right to Injunction.** The Individual acknowledges that the Individual's violation or threatened or attempted violation of this Agreement will cause irreparable harm to the Company, and that money damages would not be sufficient remedy for any breach of these sections. The Individual agrees that the Company shall be entitled as a matter of right to specific performance

EXHIBIT 3    GHA00046

of this Agreement, including entry of an ex parte temporary restraining order in state or federal court, preliminary and permanent injunctive relief against activities in violation of this Agreement, or both, or other appropriate judicial remedy, writ or order, in any court of competent jurisdiction, restraining any violation or further violation of such agreements by the Individual or others acting on the Individual's behalf, without any showing of irreparable harm and without any showing that the Company do not have an adequate remedy at law. Such remedies are in addition to all other remedies available to the Company at law and equity.

5. **Reformation; Modification.** Although the Company and the Individual believe the limitations as to disclosure and use of Confidential Information and the other terms contained in this Agreement are reasonable and do not impose a greater restraint than necessary to protect the Confidential Information and the Company's legitimate business interests, if this is judicially determined not to be the case, the Company and the Individual request that the limitations contained in this Agreement be reformed only to the extent necessary to make this Agreement enforceable. Subject to the foregoing, both parties agree that neither has the authority to modify or amend this Agreement unless the modification or amendment is in writing and signed by both of them; provided, however, that the Company may supplement the obligations imposed on the Individual under this Agreement.

6. **Severability; Construction.** If any term, provision, covenant or condition of this Agreement (or portion thereof) is held by a court of competent jurisdiction to be illegal, invalid, unenforceable or void, such provision, covenant, or condition (or portion thereof) may be severed and the validity and enforceability of the remainder of this Agreement shall not in any way be affected, impaired or invalidated. Titles and headings to Sections in this Agreement are for reference only and will in no way limit, define or otherwise affect the provisions of this Agreement. The word "or" as used in this Agreement is not exclusive and means "and/or." The word "including" as used in this Agreement means "including without limitation." Neither this Agreement nor any uncertainty or ambiguity herein shall be construed or resolved against any party hereto, whether under any rule of construction or otherwise. On the contrary, this Agreement has been reviewed by the Individual and the Company and shall be construed and interpreted according to the ordinary meaning of the words used so as to fairly accomplish the purposes and intentions of the parties hereto.

7. **Survival; Relation with Other Agreements.** The Individual's obligations under this Agreement shall survive the termination for whatever reason of the Individual's employment or engagement by the Company. The Individual's obligations under this Agreement also will be binding upon the Individual's heirs, executors, assigns, and administrators and will inure to the benefit of the Company and its successors and assigns. This Agreement shall be in addition to, and shall not supersede or replace, any other agreement between the Individual and the Company that contains non-competition, non-solicitation, return-of-property, or confidentiality restrictions applicable to the Individual. Nothing in this Agreement alters the at-will nature of an employee's employment with the Company.

8. **Assignment; No Waiver.** The Individual shall not assign this Agreement or any part thereof without the express written consent of the Company, this Agreement being personal to the Individual. The Company may assign this Agreement without the requirement of consent by

EXHIBIT 3                                                                                              GHA00047

the Individual. Waiver by the Company of a breach of any provision of this Agreement will not operate as a waiver of any other or subsequent breach.

9. **Choice of Law; Dispute Resolution.** This Agreement shall be governed by and construed in accordance with the substantive laws of the State of Texas. Any dispute respecting or arising out of this Agreement will be subject to the exclusive jurisdiction, forum and venue of the state or federal courts, as applicable, located in Harris County, Texas, which such jurisdiction, forum and venue the parties expressly acknowledge and agree has a direct, reasonable relation to this Agreement and any controversy relating to or arising from this Agreement, and the parties agree not to raise, and waive, any objection to or defense based upon the jurisdiction or venue of any such court.

**I HAVE READ THIS AGREEMENT CAREFULLY, AND I UNDERSTAND AND ACCEPT THE OBLIGATIONS THAT IT IMPOSES UPON ME WITHOUT RESERVATION.**

COMPANY:

By: _Woo Sarfaris_
Title: _Operation Director_
Date: _12.18.2019_

INDIVIDUAL:

By: _[signature]_
Printed Name: _Mingyu Tang_
Date: _12/16/2019_

4

EXHIBIT 3                                                                                          GHA00048