UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| GHA CAPSTONE, LLC; GH AMERICA INVESTMENT GROUP, INC.; BRAZOS HIGHLAND HOLDING, LLC; and GH AMERICA ENERGY, LLC, | § § § § § | |
| *Plaintiffs,* | § § | |
| v. | § § | CASE NO. 4:23-cv-03402 |
| MINGYU TANG, | § § § | |
| *Defendant.* | § | |

# JOINT DISCOVERY/CASE MANAGEMENT PLAN UNDER RULE 26(F) OF THE FEDERAL RULES OF CIVIL PROCEDURE

**1.** **State where and when the conference among the parties required by Rule 26(f) of the Federal Rules of Civil Procedure was held, and identify the counsel who attended for each party, including name, address, bar number, phone and fax numbers, and email addresses.**

RESPONSE: A draft Joint Discovery/Case Management Plan was circulated by Plaintiffs' counsel to Defendant's counsel on December 15, 2023, with a request for conference. The Rule 26(f) conference was conducted via telephone on December 19, 2023. Counsel who conferred:

HENNA GHAFOOR
Federal Bar No. 2258471
State Bar No. 24079867
MOSAIC PARADIGM LAW GROUP PC
10370 Richmond Avenue, Suite 850
Houston, Texas 77042
E-mail: hghafoor@mp-lg.com
Telephone: (281) 805-7169
Facsimile: (281) 805-7172
ATTORNEY IN CHARGE FOR PLAINTIFFS

MARK G. LAZARZ
State Bar No. 12069100
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Email: mlazarz@eeoc.net
Telephone: (713) 621-2277

Facsimile: (713) 621-0993
ATTORNEY IN CHARGE FOR DEFENDANTS

2. **List the cases related to this one that are pending in any state or federal court with the case number and court, and state how they are related.**

   RESPONSE: None.

3. **Briefly describe what this case is about.**

   PLAINTIFFS' CONTENTIONS:
   This case concerns claims against Defendant for (1) misappropriation of trade secrets and other confidential and proprietary information under the Defend Trade Secrets Act of 2016; (2) breach of contract – December 2019 confidentiality agreement; and (3) tortious interference with business relationships; and seeks related injunctive relief. (Doc. 1). To distract the court from his impropriety and perhaps seeking to blackmail Plaintiffs into silence, Tang improperly abuses the protection of this lawsuit to raise frivolous defenses and make defamatory statements against Plaintiffs, which abuse will become apparent in the course of this litigation.

   Facts relevant to the matter before this Court will show that Plaintiffs take great efforts to protect their confidential, proprietary and trade secret information. As a condition of employment, all managers and all employees agree to abide by the terms of Employee Handbooks, which contain confidentiality provisions providing that employees must not discuss or release the company's business affairs, projects, or clients with anyone outside the company; that private and confidential information is never to be emailed outside the company; and that employees must not act in conflict with company interests. All managers and all employees must continue to treat all nonpublic company information as confidential even after their employment ends, and they are bound by policies and confidentiality agreements entered into during employment. Comprehensive Confidentiality Policies have also been adopted, the terms of which each manager and employee is required to acknowledge and agree to in writing. Managers and employees are expected to honor their employment and postemployment obligations. Where they do not do so, Plaintiffs are permitted to seek assistance from the Court to prevent injustice.

   Mingyu Tang commenced his employment as the lead of Plaintiff GHAE's Renewable Energies Department on or about December 16, 2019. The purpose of the department under his management was to market for sale specific non-residential properties to companies that were interested in developing their own projects on said land. In connection with his employment, Tang was issued a complete Employee Handbook. Tang signed the Employee Handbook Acknowledgment, representing his understanding of the terms of his employment. In addition to the Employee Handbook, on or about December 18, 2019, Tang executed as a condition of his employment, a Confidential Information Protection Agreement, which further defined Plaintiffs' Confidential Information and provided for injunctive relief to protect the same.

At first, things seemed to be going fine. However, during the first quarter of 2023, Tang began focusing on side projects that were not sanctioned by Plaintiffs, but for which he was using GHAE research and resources, unbeknownst to Plaintiffs. John Skibinski, Senior Project Developer with GHAE, recalls that around April 2023, Tang began soliciting him for specific technical assistance on his personal projects and proposals during GHAE work hours, including, energy storage project proposals and transmission line plans based on GHAE's prior research, which Tang sought to pitch to potential outside investors. Tang sometimes used his personal emails in order to discuss these side projects. In addition to soliciting Skibinski's technical expertise, around June 2023, Tang was attempting to solicit Skibinski and another GHA employee, Gustavo Solon, as potential employees for his new energy storage company. Tang was Skibinski's supervisor, so Tang's indiscretions went unreported to GHAE superiors.

On July 6, 2023, Ergos, the Information Technology (IT) vendor used by Plaintiffs, was asked to check the Lenovo ThinkPad X13 company laptop assigned to Tang in connection with a report by Tang that his laptop had allegedly been struck by lightning. Ergos found no evidence of damage to the laptop. Rather, Ergos discovered on Tang's device an unauthorized encryption software, which Ergos opined could only have been installed by Tang. This software rendered the trade secret data on Tang's laptop inaccessible by Plaintiffs.

On or about July 13, 2023, Plaintiff GHA CapStone engaged Purpose Legal Solutions ("Purpose Legal"), a company that specializes in digital forensics and the collection, analysis, and processing of electronically stored information ("ESI"), to image the internal hard drive of Tang's company laptop for the purpose of recovering the encrypted company data on said device. Although Purpose Legal was unable to recover data from the laptop itself, a cross-check of server, e-mail, OneDrive, and Azure active director data revealed, in part, that Tang had shared two "Top Tier" company folders with his personal Hotmail email account, despite company policies prohibiting such transfers. These folders contained hundreds of trade secret documents, including technical data critical to Plaintiffs' operations and competitive advantage.

Purpose Legal further discovered that Tang had deleted 275 company files from April 18 through July 7, 2023, including sales contracts, closing documents, appraisals, asset sales program documents, and renewable energy management documents, to categorize a few, despite company policies prohibiting such destruction of company property. Moreover, on June 27, 2023, Tang connected a USB device to his company laptop, a subsequent examination of which revealed that Tang copied, opened, and deleted numerous company files from the same in September 2023. Moreover, Tang had accessed the company server 286 times from his mobile device from August 1 through 8, 2023. Both of these events occurred after Tang had taken a sudden leave of absence.

Skibinski subsequently reviewed the files taken and deleted by Tang and opined that if said confidential, proprietary and trade secret information were to be disclosed to anyone outside of the company, it would significantly impact the ability of Plaintiffs to conduct business, as competitors would learn internal strategies and sales techniques for structuring property pricing and sales to maximize outcomes, thus negatively impacting the company's competitive advantage; would learn internal research and analysis on the regulatory difficulties associated with energy development projects and how they may be addressed; would gain immediate access to company "know-how" in the industry; and would unfairly

propel competitors to a position of unfair advantage that the company has spent years and considerable time, energy, resources, and money.

In addition, potential buyers and cooperative partners of the company would lose confidence, resulting in reputational damage that is irreparable. Therefore, the threat of harm faced from the use and/or disclosure of this information is irreparable because allowing the information that Tang has in his possession to be used for Tang's personal benefit or to get into the hands of a competitor would change the current state of affairs in the market in which the company operates and cause competitors to spend less time or no time developing their own land development services for energies projects. Meanwhile, Plaintiffs' ability to conduct its business adequately and securely is at risk due to loss of goodwill and reputation amongst its business relationships and the industry, thus constituting irreparable harm to plaintiffs.

DEFENDANT'S CONTENTIONS:

The actions of Plaintiffs in raising the claims at issue are a direct result of Mr. Tang's reporting of illegal activity in which he was being asked to participate while employed for Plaintiffs.

Plaintiffs are well aware that the electronic data that Tang emailed to himself has not been disclosed or used at any time except to share the information about the illegal activity with his counsel. Upon information and belief, the Plaintiffs are currently being investigated by the FBI.

On or about July 6 , 2023, counsel for Tang sent a draft lawsuit to counsel for Plaintiffs which outlined the illegal activity in which Tang was being forced to participate. The illegal activity includes falsifying appraisal reports to secure bank loans, setting up sham purchasers of real estate to circumvent Texas law regarding ownership of real property by Chinese citizens, tax evasion and orchestrating the illegal purchase of firearms.

Shortly after Tang's complaints about the illegal activity were raised to Plaintiffs and their counsel, Tang was put on leave. It was at this time that Plaintiffs began looking for something over which to terminate Tang's employment.

In an effort to intimidate Tang, Plaintiffs have filed this suit. Immediately after suit was filed, counsel for Tang informed counsel for Plaintiffs that Tang no longer has any data belonging to Plaintiffs and that all of the data he did possess has been provided to undersigned counsel. Plaintiffs are also aware that Tang has neither used nor disclosed any of the data to any third party. In addition, the data which has been alleged to have been deleted by Tang was not permanently deleted. Instead, Plaintiffs are in possession of a backup of all of such data.

Finally, there are no damages resulting from the emailing of Plaintiffs' electronic data to Tang's personal email address. At no time has Tang used or disclosed such data.

4. **Specify Plaintiff's allegation of federal jurisdiction.**

   PLAINTIFFS' RESPONSE: This Court has original jurisdiction over this action under 28 U.S.C. § 1331 due to the federal question that arises under 18 U.S.C. §1836, the Defend Trade

Secrets Act of 2016 ("DTSA"), because this is a civil action and GHA's First Claim for Relief arises under the DTSA. This Court has supplemental jurisdiction under 28 U.S.C. § 1367(a) because all of GHA's other claims for relief are so related to the DTSA claim that they form part of the same case or controversy under Article III of the United States Constitution. This Court also has personal jurisdiction over Defendant Tang because he is a resident of Harris County. This Court also has jurisdiction over Tang as, on information and belief, he has committed tortious acts in Texas.

DEFENDANT'S RESPONSE:   Defendant agrees that this Court has jurisdiction.

5. **Name the parties who disagree with the plaintiff's jurisdictional allegations and state their reasons.**

    RESPONSE:  None. All parties have made an appearance in this case.

6. **List anticipated additional parties that should be included, when they can be added, and by whom they are wanted.**

    PLAINTIFFS' RESPONSE: None known at this time. However, Plaintiffs reserve the right to add parties as the need may arise with the progression of discovery.

    DEFENDANT'S RESPONSE:  None.

7. **List anticipated interventions.**

    RESPONSE: None known at this time.

8. **Describe class-action issues.**

    RESPONSE: None.

9. **State whether each party represents that it has made the initial disclosures required by Rule 26(a). If not, describe the arrangements that have been made to complete the disclosures.**

    RESPONSE: Plaintiffs and Defendant have not made their respective Rule 26(a) initial disclosures as yet, but they expect to do so by January 19, 2024; that is, within 14 days after the parties' Rule 26(f) conference.

10. **Describe the proposed agreed discovery plan, including:**

a. **Responses to all the matters raised in Rule 26(f).**

RESPONSE:

- *Rule 26(f)(3)(A): What changes should be made in the timing, form, or requirement for disclosures under Rule 26(a), including a statement of when initial disclosures were made or will be made*

  None.

- *Rule 26(f)(3)(B): The subjects on which discovery may be needed, when discovery should be completed, and whether discovery should be conducted in phases or limited to or focused on particular issues*

  Plaintiffs will conduct discovery relating to Plaintiffs' live pleadings in this lawsuit and Defendants' live pleadings in this lawsuit, including the allegations raised by Defendant in this pleading. (Doc. 1, 6, and 13).

  Defendant will conduct discovery relating to the allegations raised in Plaintiffs' Complaint.

  Discovery does not need to be conducted in phases. The parties anticipate being able to complete discovery 90 days before trial.

- *Rule 26(f)(3)(C): Any issues about disclosure, discovery, or preservation of electronically stored information, including the form or forms in which it should be produced*

  The parties shall undertake reasonable efforts to preserve potentially relevant electronically stored information. The parties shall mutually agree on the preferred forms for exchanging electronically stored information. To the extent the parties are unable to agree despite their best efforts, appropriate relief will be sought from the Court.

- *Rule 26(f)(3)(D): Any issues about claims of privilege or of protection as trial-preparation materials, including—if the parties agree on a procedure to assert these claims after production—whether to ask the court to include their agreement in an order under Federal Rule of Evidence 502*

  The parties have not waived, nor do they intend to waive, attorney-client privilege and/or work product. Pursuant to Federal Rule of Evidence 502, if documents subject to a claim of privilege are inadvertently produced, such production shall not prejudice or otherwise constitute a waiver or estoppel as to the claim of privilege. In the event of the inadvertent production of such materials, the

producing party shall promptly notify the receiving parties in writing of same and provide a privilege log for the inadvertently produced materials. The recipients shall gather and destroy all copies of such materials, and certify destruction of same, within ten days of receiving such notification and privilege log.

- *Rule 26(f)(3)(E): What changes should be made in the limitations on discovery imposed under these rules or by local rule, and what other limitations should be imposed*

    None.

- *Rule 26(f)(3)(F): Any other order that the court should issue under Rule 26(c) or under Rule 16(b) and (c)*

    None.

**b.    When and to whom the plaintiff anticipates it may send interrogatories.**

RESPONSE: Plaintiffs anticipate serving their interrogatories upon Defendant as needed in compliance with the discovery deadline.

**c.    When and to whom the defendant anticipates it may send interrogatories.**

RESPONSE: To Plaintiffs.

**d.    Of whom and by when the plaintiff anticipates taking oral depositions.**

RESPONSE: Plaintiffs anticipate taking oral depositions of: (1) each individual identified in its live pleadings; (2) Defendant's expert(s), if any; and (3) any fact witnesses identified by Defendant. Plaintiffs will take these oral depositions by the discovery deadline.

**e.    Of whom and by when the defendant anticipates taking oral depositions.**

RESPONSE: Of those witnesses to the facts alleged in Plaintiffs' Complaint.

**f.    (i)    Specify the date experts for plaintiff (or party with the burden of proof on an issue) will be designated and their reports provided to opposing party.**

RESPONSE: Plaintiffs' expert report(s) shall be due 150 days before trial.

**(ii)    Specify the date experts for defendant will be designated and their reports provided to opposing party.**

RESPONSE: Defendant's expert report(s) shall be due 120 days before trial.

    **g.** **List expert depositions the plaintiff (or party with the burden of proof on an issue) anticipates taking and their anticipated complete date.** *See* **Rule 26(a)(2)(B) (expert report).**

        RESPONSE: Plaintiffs anticipate deposing expert(s) designated by Defendant after receipt of the expert report(s) and before the discovery deadline.

    **h.** **List expert depositions the defendant (or opposing party) anticipates taking and their anticipated complete date. See Rule 26(a)(2)(B) (expert report).**

        RESPONSE: A representative of Purpose Legal Solutions and any experts designated by Plaintiffs.

**11.** **If the parties are not agreed on a part of the discovery plan, describe the separate views and proposals of each party.**

RESPONSE: The parties are agreed on all aspects of the discovery plan.

**12.** **Specify the discovery beyond initial disclosures that has been undertaken to date.**

RESPONSE: None.

**13.** **State the date the planned discovery can reasonably be completed.**

RESPONSE: 90 days before trial.

**14.** **Describe the possibilities for a prompt settlement or resolution of the case that were discussed in your Rule 26(f) meeting.**

RESPONSE: The parties have discussed the possibility of settlement and anticipate discovery will assist in developing the respective party positions in this regard.

**15.** **Describe what each party has done or agreed to do to bring about a prompt resolution.**

Plaintiffs and Defendant will consider good faith negotiations towards an amicable resolution following adequate discovery.

**16.** **From the attorneys' discussion with their client(s), state the alternative dispute resolution techniques that are reasonably suitable.**

RESPONSE: The parties believe that mediation would be the most appropriate form of alternative dispute resolution for resolving this case and believe that it would be most effective if it is conducted at the close of discovery.

17. **Magistrate judges may now hear jury and non-jury trials. Indicate the parties' joint position on a trial before a magistrate judge.**

    RESPONSE: Plaintiffs <u>do not</u> consent to trial before a United States Magistrate Judge at this time. Defendant <u>does</u> consent to trial before a United States Magistrate Judge.

18. **State whether a jury demand has been made and if it was made on time.**

    RESPONSE: A jury demand has not been made.

19. **Specify the number of hours it will take to present the evidence in this case.**

    RESPONSE: The parties agree it will take approximately three (3) days for presentation of the entire case or approximately twenty-four (24) hours should this case be presented to the bench. Should this case proceed as a jury trial, the parties agree it will take approximately five (5) days for presentation of the entire case or approximately forty (40) hours.

20. **List pending motions that could be ruled on at the initial pretrial and scheduling conference.**

    RESPONSE: None.

21. **List other pending motions.**

    RESPONSE: None.

22. **Indicate other matters peculiar to this case, including discovery, that deserve the special attention of the court at the conference.**

    RESPONSE: Some witnesses may require a Chinese-Mandarin interpreter at any hearing where testimony is to be given and at any trial of this matter.

23. **Certify that all parties have filed Disclosure of Interested Persons as directed in the Order for Conference and Disclosure of Interested Persons, listing the date of filing for the original and any amendments.**

    RESPONSE: Plaintiffs filed their original Certificate of Interested Persons on September 29, 2023 (Doc. 9). Defendant filed his Certificate of Interested Parties on October 12, 2023 (Doc. 14).

**24.** **List the names, bar numbers, addresses, email addresses, and telephone numbers of all counsel.**

PLAINTIFF'S RESPONSE:

HENNA GHAFOOR
Federal Bar No. 2258471
State Bar No. 24079867
MOSAIC PARADIGM LAW GROUP PC
10370 Richmond Avenue, Suite 850
Houston, Texas 77042
E-mail: hghafoor@mp-lg.com
Telephone: (281) 805-7169
Facsimile: (281) 805-7172
ATTORNEY IN CHARGE FOR PLAINTIFFS

CHRISTINA KLEPIN
Federal Bar No. 3856103
State Bar No. 24135816
MOSAIC PARADIGM LAW GROUP PC
10370 Richmond Avenue, Suite 850
Houston, Texas 77042
E-mail: cklepin@mp-lg.com
Telephone: (281) 805-7169
Facsimile: (281) 805-7172
CO-COUNSEL FOR PLAINTIFFS


DEFENDANT'S RESPONSE:

MARK G. LAZARZ
State Bar No. 12069100
Federal Bar No. 12105
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Email: mlazarz@eeoc.net
Telephone: (713) 621-2277
Facsimile: (713) 621-0993
ATTORNEY IN CHARGE FOR DEFENDANTS

SID RAO
State Bar No. 24065947
Federal Bar No. 1095562
SHELLIST LAZARZ SLOBIN LLP
11 Greenway Plaza, Suite 1515
Houston, Texas 77046
Email: srao@eeoc.net

Telephone: (713) 621-2277
Facsimile: (713) 621-0993
CO-COUNSEL FOR DEFENDANT

*/s/ Henna Ghafoor*                                    December 19, 2023
Henna Ghafoor
***Counsel for Plaintiffs***


*/s/ Mark Lazarz*                                      December 19, 2023
Mark Lazarz
***Counsel for Defendant***