IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| GHA CAPSTONE, LLC; GH AMERICA INVESTMENT GROUP, INC., BRAZOS HIGHLAND HOLDING, LLC; AND GH AMERICA ENERGY, LLC<br><br>v.<br><br>MINGYU TANG | §<br>§<br>§<br>§<br>§<br>§<br>§  CASE NO. 4:23-cv-03402<br>§<br>§ |

## DEFENDANT MINGYU TANG'S MOTION TO ABATE, CONSOLIDATE AND REFER CASE TO ARBITRATION

Defendant **Mingyu Tang** ("**Tang**") files this Motion to Abate, Consolidate and Refer Case to Arbitration and states the following:

1. All parties in the arbitration are the same parties in this federal litigation.

2. On or about July 13, 2023, **Tang**'s Original Petition was filed in the 190th Judicial District Court of Harris County, Texas under cause No. 2023-43666. **GHA Capstone LLC, GH America Investment Group, Inc., Brazos Highland Holding, LLC and GH America Energy, LLC (jointly "GHA")** were the named Defendants The case was abated subject to Arbitration.

3. The **GHA** employee handbook ("Handbook") (Ex. 1) was created and issued by the Plaintiff **GHA**. The Handbook was signed and acknowledged by **Tang**. (Ex.2) It was required by **GHA** as part of **Tang**'s employment whether he signed it or not.

4. **GHA** also required **Tang** to sign a confidentiality agreement as part of his employment requirement. The Confidential Information Protection Agreement ("Agreement") (Ex. 3) required all matters contained therein are subject to the federal jurisdiction and all matters related thereto must be filed in the appropriate Federal District Court. Employment with **GHA** was conditioned on acceptance of the Handbook and the Agreement.

5. The Handbook (Ex. 1), **Tang's** acknowledgement (Ex. 2) and the Agreement (Ex. 3) are attached hereto marked Ex. 1, 2 and 3 respectively and are incorporated herein by reference for all purposes.

6. Pursuant to Section 12 of the Handbook - Arbitration ("GHA0000342"), *all claims, disputes or controversies that relate to your employment …shall be decided by binding arbitration with the American Arbitration Association in according with its arbitration rules for employment disputes… All parties are waiving their right to a jury or bench trial in favor of binding arbitration*.

7. **GHA** objected to **Tang's** filing in the 190th Judicial District Court of Harris County, Texas based on the Handbook. The 190th Judicial District Court found **Tang** was required to file his case in arbitration pursuant to his employment requirements and the Handbook. On or about January 16, 2024, **Tang** refiled with the American Arbitration Association ("AAA") as required by the 190th Judicial District Court. **Tang** is seeking payment of monies he is due resulting from his prior employment with **GHA**. **Tang** also asserts that the claims being made by **GHA** in this federal litigation are clearly retaliatory in nature.

8. The AAA case is set for a status conference on March 14, 2025 at 3:00 p.m. to discuss trying all the issues involving all these parties including the issues before this Court. The AAA case is presently set for hearing beginning May 5, 2025.

9. The AAA case requires the depositions of at least three (3) witnesses which are necessary to be taken before the May 5, 2025 hearing.

10. On or about September 12, 2023, **GHA** filed its Original Petition against **Tang** in this Federal Court for trade secret violations under the Trade Secret Act (2016) 18 USC & 1836 ("DTSA") and other claims including breach of fiduciary duty and tortious interference.

11. The Handbook claims requiring arbitration negates the Agreement claims requiring federal jurisdiction contained in the Agreement. The Handbook and the Agreement are both produced, supplied and promulgated by **GHA** for all of its employees with or without acknowledgement by the employee. The Handbook and the Agreement are contradictory.

12. The AAA rules are governed by the Federal Arbitration Act. The Handbook and the Agreement are also governed by federal statutes and procedure.

13. There is an overlap of issues between **Tang's** claims and **GHA's** claims that support **Tang's** request to abate this action and order all parties to litigate and resolve all issues between them involving **Tang's** employment with **GHA** pursuant to the Handbook and their agreements to go to binding arbitration.

14. The AAA arbitration proceeding can hear all matters involving these parties arising out of **Tang**'s employment and the arbitration ruling may be implemented in federal court by one judgment, if necessary.

15. In order to maximize judicial economy, the arbitration hearing previously scheduled for March 17 – 21, 2025 has been reset to May 5, 2025, which is before this matter is set for jury trial in this Court (May 19, 2025). The evidence in these claims overlap and will be repetitious. For judicial economy, **Tang** requests this Court abate this case and consolidate it with the arbitration matter in its entirety, requiring all parties to arbitrate all matters and then, if necessary, the parties can return and finalize their claims with a judgment relating to all parties and claims, including offsets and credits in one judgment.

Wherefore premises considered, **Tang** requests this Court abate the pending lawsuit, consolidate it with the arbitration, order all parties to arbitration for all matters and permit the parties to return for a final judgment, if necessary, that resolves all parties and all claims.

Respectfully submitted,

ENGELHARDT LAW PLLC

By: /s/ Steven Engelhardt
    Steven Engelhardt
    State Bar No. 06624500
    4544 Post Oak Place Drive, Suite 270
    Houston, Texas 77027
    Tel: (713) 626-1616
    Fax: (713) 626-1636
    steven@engelhardtlaw.com

ATTORNEY FOR DEFENDANT
**Mingyu Tang**

### Certificate of Service

This is to certify that a true and correct copy of the above and foregoing Motion to Abate, Consolidate and Refer Case to Arbitration was forwarded to the following by certified mail, return receipt requested, hand delivery, fax, email, and/or regular mail on March 6, 2025:

Eliyahu Ness
Ness PLLC
3232 McKinney Ave., Suite 500
Dallas, Texas 75204
eness@nesslegal.com

                     /s/ Steven Engelhardt
                     Steven Engelhardt